IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBBY TAYLOR,

    Plaintiff,

v.                                            Case No. 18-2674-DDC

SEDGWICK COUNTY BOARD OF
COMMISSIONERS, et al.,

    Defendants.

## **ORDER**

Pursuant to Fed. R. Civ. P. 26, defendants James Fleetwood, Chief District Judge, Eighteenth Judicial District (Sedgwick County), Jeff Dewey, District Judge, Eighteenth Judicial District, Seth Rundle, District Judge, Eighteenth Judicial District, Carl Wheeler, Sedgwick County Court Trustee, and Bernie Lumbreras, District Court Clerk, Eighteenth Judicial District (collectively, "state defendants") have filed a motion to stay discovery (ECF No. 16) pending a ruling on their motion to dismiss the complaint (ECF No. 14). Plaintiff does not oppose a two-month stay of discovery (though he plans "to seek injunctive relief and remedy against any and all defendants in [the interim]").[1] The remaining defendants have not filed a response to the motion to stay. The motion is granted.

---

[1] ECF No. 21 at 2.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.² But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.³ The decision whether to stay discovery rests in the sound discretion of the district court.⁴ As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending motion to dismiss. The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves the pending dispositive motion. The state defendants assert the defenses of judicial, qualified and Eleventh Amendment immunity in their motion to dismiss. Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.⁵ "One of the purposes of immunity, absolute or

---

²*See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

³*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

⁴*Clinton v. Jones*, 520 U.S. 681, 706 (1997).

⁵*Siegert*, 500 U.S. at 232–33.

qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[6] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[7] Additionally, the motion to dismiss, if granted, would dispose of all claims against the state defendants. No party suggests that resolution of the dispositive motion is dependent on information that would be gained through discovery. Accordingly, discovery at this point is unnecessary and potentially wasteful.

Finally, in light of defendants The Board of County Commissioners of Sedgwick County, Jeff Easter, and Melinda Slater not having filed any response to the instant motion to stay, the court infers they agree a stay is appropriate, particularly since they have filed motions to dismiss (ECF No. 19 and 20) asserting arguments similar to those asserted by the state defendants. Even if this inference is incorrect, the court finds that it is in the interest of judicial economy to stay this matter until all three pending dispositive motions are decided. That is, as a practical matter, it would not make much sense for the parties to proceed with discovery until such time that it's determined who will be participating as defendants.

In consideration of the foregoing, and upon good cause shown,

---

[6]*Id*. at 232; *see also Gallegos v. City and Cty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

[7]*Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability . . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).

IT IS HEREBY ORDERED:

1.  Defendants' motion to stay (ECF No. 16) is granted.

2.  All pretrial proceedings in this case, including discovery and the scheduling of deadlines, are stayed until further order of the court.

3.  If the dispositive motions (ECF Nos. 14, 19, and 20) are ultimately denied in whole or in part, then counsel shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers within 14 days of all three motions having been decided. The court will then promptly set a scheduling conference.

Dated February 1, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge